IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Case Number: 1:22-cv-05970

GS HOLISTIC, LLC,

                  Plaintiff,

v.

WR INVESTMENTS CORP
and WISAM MHESSIN,

                  Defendants.
_____/

## PLAINTIFF'S RULE 54(2)(B) MOTION FOR ATTORNEYS' FEES AND ORDER UNDER LOCAL RULE 54.3(b) REGARDING POST-FILING PROCEDURE

       The Plaintiff, GS HOLISTIC, LLC, (hereinafter referred to as "GS") by and through its undersigned counsel, hereby moves the Court pursuant Federal Rule of Civil Procedure 54(d)(2)(B) for the Defendants' to pay its reasonable attorneys' fees and costs, estimated to-date in the amount of $216,114.94, and for this Court to issue an Order under Local Rule 54.3(b) regarding post-filing procedure. In support of this Motion, GS states the following:

**Introduction**

       On March 27, 2025, the jury deliberated upon the evidence presented during trial and rendered a verdict in favor of GS and against WR Investments Corp. and Wisam Mhessin. Specifically, the jury found that the Defendants were each liable for trademark infringement by counterfeiting and that the trademark infringement by counterfeiting was willful.

**Argument**

       The Plaintiff is entitled to its reasonable attorneys' fees. Seventh Circuit case law requires

that in cases where the trademark infringement by counterfeiting was willful, the mandatory

provision under § 1117(b) is triggered, providing that the court must grant the plaintiff its

attorneys' fees. *See* Section 35 of the Lanham Act, 15 U.S.C. § 1117 (1988); *Hard Rock Cafe*

*Licensing Corp. v. Concession Servs*., 955 F.2d 1143, 1151 (7th Cir. 1992).

> Section 35 of the Lanham Act, 15 U.S.C. § 1117 (1988), provides
> that prevailing plaintiffs may be awarded attorney's fees in two
> circumstances. If a defendant has sold counterfeit goods by mistake
> or through negligence, attorney's fees may be awarded "in
> exceptional circumstances." § 1117(a). But if the violation "consists
> of intentionally using a mark or designation, knowing such mark or
> designation is a counterfeit mark," treble damages and attorney's
> fees must be awarded unless there are "extenuating circumstances."
> § 1117(b). Willful blindness is sufficient to trigger the mandatory
> provisions of subsection b.

*Hard Rock Cafe Licensing Corp. v. Concession Servs*., 955 F.2d 1143, 1151 (7th Cir. 1992).

Here, the jury found that the Defendants' actions were willful. Therefore, under the

standard stated by the Seventh Circuit, this Court should apply the mandatory provision which

requires this Court must award GS its reasonable attorneys' fees. Moreover, this standard does

not apply only to cases where treble damages are awarded, rather, it is applied to cases where a

plaintiff elected statutory damages instead of actual damages and the defendants' conduct was

found to be willful.

> Plaintiffs ask that the Court award them their attorneys' fees and
> costs. Plaintiffs may recover attorneys' fees under § 1117(a) and (b)
> for, among other things, the willful or intentional use of the
> counterfeit mark. 15 U.S.C. § 1117(a)-(b). These provisions apply
> even where the plaintiff has elected to receive statutory instead of
> actual damages. *See Louis Vuitton Malletier S.A. v. LY USA, Inc*.,
> 676 F.3d 83, 111 (2d Cir. 2012). Because the Court has found that
> Defendant acted willfully, the Court awards Plaintiffs their
> reasonable attorneys' fees.

*Luxottica Grp. S.p.A. v. Chen*, No. 16 C 6850, 2017 U.S. Dist. LEXIS 29999, at *11

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

(N.D. Ill. Mar. 2, 2017).

In addition, although a demonstration by defendants that there are extenuating circumstances precluding an award of attorneys' fees may be relevant, as in *Luxottica v. Li* cited below, the Defendants have not provided any evidence that there are extenuating circumstances, here, that would preclude an award of attorneys' fees.

> Attorney's fees are recoverable under 15 U.S.C. § 1117(a) "in exceptional cases," including when defendant's conduct is willful. *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1099 (7th Cir. 1994). In assessing damages under § 1117(a), courts "shall" award reasonable attorney's fees in cases involving the intentional use of a counterfeit mark, unless they find extenuating circumstances. 15 U.S.C. § 1117(b). "Willful blindness is sufficient to trigger the mandatory provisions of [§ 1117(b)]." *Hard Rock Cafe*, 955 F.2d at 1151. Attorney's fees are available when plaintiffs opt to receive statutory damages under 15 U.S.C. § 1117(c), as well. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012). Defendant does not identify any extenuating circumstances that would preclude the awarding of attorney's fees, and its reliance on *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958 (7th Cir. 2010).

*Luxottica Grp. S.p.A. v. Li*, No. 16 CV 487, 2017 U.S. Dist. LEXIS 21818, at *22 (N.D. Ill. Feb. 15, 2017). To be clear the standard the Seventh Circuit specified in *Nightingale* was that the defendants needed to show that the litigation was <u>oppressive</u> to the defendants:

> As factors indicating oppressiveness, *Eagles* quotes the Tenth Circuit's list but states in the alternative, quoting (*see id*. at 729) our opinion in *S Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001), that "a suit is oppressive if it lacked merit, had elements of an abuse of process claim, and plaintiff's conduct unreasonably increased the cost of defending against the suit."

*Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 626 F.3d 958, 960 (7th Cir. 2010). The Defendants here, have not made any such allegations or provided any evidence meeting such a standard, so there are no extenuating circumstances to consider which would preclude an

3

award of attorneys' fees.

Rather, even under the non-mandatory provision of § 1117 (a), which provides that this Court *may* award attorneys' fees, the standard is met because the Defendants have already conceded that this is an exceptional case. *See* Section 35 of the Lanham Act, 15 U.S.C. § 1117 (a). The Defendants deemed this case exceptional, very clearly in their Answer stating that "this is an exceptional case under 15 U.S.C. §1117" in their own request for attorneys' fees. [DE 33]. Though ultimately, they did not prevail in the suit, the Defendants have not altered or amended that statement throughout the duration of the case, albeit they did not likely intend for GS to be the prevailing party or recipient of attorneys' fees. The Defendants had an ample opportunity to amend that statement and thereby reduce the risk incurred if they did not prevail in the suit, but it has remained an uncontested and unaltered statement which opened the door for an award of attorneys' fees to the prevailing party in the suit under the plain language of the statute.

## **CONCLUSION**

This Court should award GS its reasonable attorneys' fees and costs under § 1117(b), as the Defendants have infringed GS's trademarks by counterfeiting willfully. In addition, the local rules provide that after the filing of this motion "the court may order the parties to comply with the procedure set out in this rule as a post-filing rather than as a pre-filing procedure." LR. 54.3(b).

WHEREFORE, based on the foregoing, the Plaintiff, GS Holistic, LLC., requests that the Court order the Defendants to pay the Plaintiff's reasonable attorneys' fees and costs, for this Court to issue an Order under Local Rule 54.3(b) regarding post-filing procedure, and for such further and other relief as this honorable Court may deem just and proper.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

## CERTIFICATE OF CONFERRAL

Counsel for the Plaintiff and for the Defendants conferred on April 4, 2025. The Defendants opposed the Plaintiff's Motion for attorneys' fees.

*/s/ Peter Ticktin, Esq.*
Peter Ticktin, Esquire
Florida Bar No. 887935

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2025, the foregoing document, was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ Jessica Getz*
Peter Ticktin, Esquire
Florida Bar No. 887935
Ryan S. Fojo, Esquire
IL Bar # 6305940
Jessica Getz, Esquire
Florida Bar No. 1054190
**THE TICKTIN LAW GROUP**
875 North Michigan Avenue
31st Floor
Chicago, IL 60611
Serv605@LegalBrains.com
Telephone: 561-232-2222
*Attorneys for the Plaintiff*

5